# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5816 | **DATE** | 9/22/2004 |
| **CASE TITLE** | Piser, et. al. Vs. Lunn Partners, LLC, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss is granted. Counts V, VI, and VII are referred to the bankruptcy court, Judge Jacqueline Cox, case no. 03 B 34195. Count IV is voluntarily dismissed. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 23 2004 | |
| | Notified counsel by telephone. | | date docketed | 40 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 SEP 22 PM 2: 47 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JONATHAN H. PISER, individually; and )
R. SCOTT ALSTERDA, as Trustee for the )
Bankruptcy Estate of NEWWORLDAIR )
HOLDINGS, INC., a Delaware corporation, )
)
Plaintiffs, )
)
v. ) No: 03 C 5816
)
LUNN PARTNERS, LLC, a Delaware ) Judge John W. Darrah
limited liability company; INDIGO D-2 )
INVESTORS, LLC, a Delaware limited )
liability company; INDIGO D-2 )
INVESTORS, INC., a Delaware corporation; )
and ROBERT J. LUNN, individually, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Jonathan H. Piser and R. Scott Alsterda, as Trustee (the "Trustee") for the Bankruptcy Estate of NewWorldAir Holdings, Inc. ("NewWorldAir"), filed a seven-count Second Amended Complaint against Defendants, Lunn Partners, LLC ("Lunn Partners"); Indigo D-2 Investors, LLC ("Indigo LLC"); Indigo D-2 Investors, Inc. ("Indigo Inc."); and Robert J. Lunn. Presently before the Court are two motions: (1) Robert J. Lunn's Motion to Dismiss Counts IV, V, VI, and VII of Plaintiffs' Verified Second Amended Complaint; and (2) the remaining Defendants' Motion to Dismiss Counts VI and VII of Plaintiffs' Verified Second Amended Complaint.

Lunn seeks to dismiss Count IV of Plaintiffs' Second Amended Complaint for failure to state a claim; in response, Plaintiffs have voluntarily dismissed this cause of action. Defendants

also seek to dismiss Counts V, VI, and VII. These counts are all state law claims originally brought by Piser, a NewWorldAir stockholder, as derivative claims on behalf of NewWorldAir and arise out of Lunn's efforts to direct the assets of NewWorldAir and its stockholders to Lunn and entities under Lunn's control. Counts V, VI, and VII are now asserted by the Trustee.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. On August 19, 2003, NewWorldAir, which owned and operated a commercial-scheduled charter airline service, filed a bankruptcy petition. Later that same day, Piser filed his Complaint against Defendants and brought a number of claims, including the derivative claims at issue in these motions, against Defendants. Thereafter, amended complaints were filed in this action, and the Trustee replaced Piser as Plaintiff in connection with Counts V, VI, and VII. NewWorldAir's bankruptcy matter is currently pending.

## ANALYSIS

Defendants argue that Counts V, VI, and VII should be dismissed because once NewWorldAir filed for bankruptcy, the bankruptcy court, and not the district court, obtained jurisdiction over the derivative claims at issue in this motion. Specifically, Defendants contend that Piser had no standing to bring his derivative claims because NewWorldAir filed for bankruptcy before Piser filed his claims. Defendants further argue that because the derivative claims are related to the bankruptcy matter, jurisdiction over these claims lies in the bankruptcy court.

In response, the Trustee contends Federal Rule of Bankruptcy Procedure 6009 allows him to prosecute pending claims on behalf of NewWorldAir in any forum. *See Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999).

"It has long been held that rights of action against officers, directors and shareholders of a corporation for breaches of fiduciary duties, which can be enforced by either the corporation directly or the shareholders derivatively before bankruptcy, become property of the estate which the trustee alone has the right to pursue after the filing of a bankruptcy petition." *Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1343 (citations omitted). Here, NewWorldAir filed for bankruptcy before Piser filed his Complaint asserting the derivative claims; therefore, those claims were not pending before the bankruptcy court. Accordingly, only the Trustee has the right to pursue those claims.

Moreover, Counts V, VI, and VII are related to NewWorldAir's bankruptcy case. Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "A 'related' claim is a claim involving the debtor or a third party that is based on non-bankruptcy law, typically a state law claim, which will impact the estate of the debtor or the allocation of property among creditors." *Bear Stearns Sec. Corp. v. Cho*, No. 02 C 4419, 2002 WL 31101658, at *2 (N.D. Ill. Sept. 17, 2002) (*Cho*).

In this case, Defendants argue that "[t]here can be no dispute that, should the Trustee recover on his [derivative] claims, that recovery would become property of NewWorldAir's

bankruptcy estate and allocated among NewWorldAir's creditors." (Lunn's Mem. of Law in Support of Mot. to Dismiss, at 5). The Trustee presents no argument to the contrary. Therefore, Counts V, VI, and VII are related to NewWorldAir's bankruptcy matter.

The Trustee also argues that jurisdiction over Counts V, VI, and VII is proper in the district court based on supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. However, instead of exercising supplemental jurisdiction, a district court should defer jurisdiction of claims "related to cases under title 11" to bankruptcy courts under 28 U.S.C. § 157. *See Nat'l Tax Credit Partners v. Havlik*, 20 F.3d 705, 709 (7th Cir. 1994).

Dismissal of these claims, though, is not warranted. Instead, claims related to a bankruptcy proceeding under § 1334(b) are automatically referred to the bankruptcy court for this district. 28 U.S.C. § 157(a); Internal Operating Procedure 15(a) for the Northern District of Illinois; *Cho*, 2002 WL 31101658, at *2; *Citibank v. Park-Kenilworth*, 109 B.R. 321, 325 (N.D. Ill. 1989). Accordingly, Counts V, VI, and VII are referred to the bankruptcy court.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Counts V, VI, and VII are referred to the bankruptcy court. Count IV is voluntarily dismissed.

Dated: September 22, 2004

JOHN W. DARRAH
United States District Judge

4